UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Robert Barbanti,
Plaintiff

04 Civ. 4939 (SCR)

v.

MTA Metro North Commuter Railroad,
Defendant

MEMORANDUM DECISION
AND ORDER

Stephen C. Robinson, United States District Judge:

This case presents the question of whether the Railway Labor Act preempts a railroad employee's claims that he was induced to leave his current employer by false promises from his new employer that he would be given a certain position and wage. The court finds that, even though the Plaintiff applied for a position covered by a valid collective bargaining agreement, Plaintiff's claims are not preempted because they can be resolved without interpreting that agreement.

I. Background

a. Factual History

Robert Barbanti (the "Plaintiff") is an individual residing, at all relevant times, in Wallkill, New York. The MTA Metro-North Commuter Railroad (the "Defendant") is a public benefit corporation created pursuant to New York State's Public Authorities Law and is a wholly-owned subsidiary of the Metropolitan Transportation Authority.

While the Plaintiff was employed as an Electronic Specialist by Norfolk Southern Railroad ("Norfolk"), the Defendant negotiated a long-term lease with Norfolk ("Lease Agreement") in which the Defendant assumed full responsibility for the maintenance of a line of trackage known as the Port Jervis Line, which was previously operated by Norfolk. Pursuant to the Lease Agreement, the Defendant agreed to assume operation of the Port Jervis Line commencing on April 1, 2003 and to give preference in hiring to Norfolk employees who had been working in the Port Jervis territory.

On or about April 1, 2003, Plaintiff left his employment with Norfolk to become employed by the Defendant. Plaintiff alleges that, before he resigned from Norfolk, the Defendant represented to him that he would be given a protected, supervisory position as a Signal Inspector, assigned to the Port Jervis territory and paid $29.15 per hour, plus overtime. The Defendant sent Plaintiff a letter, dated April 1, 2003, confirming his employment as a Signal Inspector.

Prior to the Lease Agreement, there was already in place a collective bargaining agreement ("CBA") between the Defendant and the Association of Commuter Rail Employees Local 166 ("Local 166"), which represents signal workers employed by the

Defendant. After the Lease Agreement was signed, the Defendant entered into discussions with Local 166 for the purpose of integrating the Defendant's Port Jervis Line responsibilities with the existing CBA. These discussions culminated in an April 15, 2003 letter agreement between the Defendant and Local 166 ("Letter Agreement"). Local 166 objected to Plaintiff being given a Signal Inspector's position not made available to its existing members and, pursuant to the Letter Agreement, Plaintiff was forced out of a protected position as Signal Inspector and instead given a position as an Electronic Technician, which entitled him to a lower hourly rate of pay. Shortly thereafter, the Signal Inspector position was posted for bid by other Metro North employees.

### b. Procedural History

On or about May 11, 2004, Plaintiff filed this action in the Supreme Court of the State of New York, County of Orange, alleging state law causes of action for fraudulent inducement, breach of contract and negligent/reckless misrepresentation. Specifically, Plaintiff claimed that Metro North induced, caused and procured the Plaintiff to give up his seniority and leave his employment as an Electronic Specialist with Norfolk by making fraudulent representations that Plaintiff would become employed in a protected supervisory position as a Signal Inspector at Metro North.

The Defendant filed a Notice of Removal on June 23, 2004, alleging that this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Specifically, Plaintiff claimed that the action arose under (and was in fact preempted by) the Railway Labor Act, 45 U.S.C. §§ 151, *et seq.* ("RLA").

On October 25, 2004, Plaintiff filed a motion to remand, arguing that Plaintiff's state law claims are not preempted by the RLA, thus depriving the district court of federal subject matter jurisdiction.

On November 17, 2004, Defendant filed a cross-motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that the RLA preempts Plaintiff's state law causes of action.

## II.  Analysis

### a. Background

Removal of an action from state to federal court is proper if the latter has original jurisdiction over the case. *See* 28 U.S.C. § 1441(b) (2004). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2004). The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. *Gilman v. BHC Sec.*, 104 F.3d 1418, 1421 (2d Cir. 1997).

Rule 12(c) of the Federal Rules provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In deciding a Rule 12(c) motion, the court applies the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in

favor of the nonmoving party. *See Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

### b. Whether The Railway Labor Act Preempts Plaintiff's State Law Causes of Action

In an action filed in state court, a defendant may remove that claim to federal court, pursuant to 28 U.S.C. § 1441(a), if the plaintiff's "well-pleaded complaint" includes a federal cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). But in the context of the RLA, this rule is broadened. If the state claims put forward are in fact preempted by the RLA, the action may properly be removed to the federal courts, even when, as here, the plaintiff's complaint does not itself include a federal cause of action. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994).

Whether federal law pre-empts a state law establishing a cause of action is a question of congressional intent. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985). Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes. *See Atchison, T. & S. F. R. Co. v. Buell*, 480 U.S. 557, 562 (1987); 45 U.S.C. § 151a.

To realize this goal, the RLA establishes a mandatory arbitral mechanism for "the prompt and orderly settlement" of two classes of disputes. *See* 45 U.S.C. § 151a. The first class, termed "major" disputes, concern "rates of pay, rules or working conditions," *id.*, and relate to "'the formation of collective [bargaining] agreements or efforts to secure them.'" *Consolidated Rail Corporation v. Railway Labor Executives' Assn.*, 491 U.S. 299, 302 (1989) quoting *Elgin, J. & E. R. Co. v. Burley*, 325 U.S. 711, 723 (1945). The second class of disputes, known as "minor" disputes, "grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a. Minor disputes involve "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Trainmen v. Chicago R. & I. R. Co.*, 353 U.S. 30, 33 (1957). If the dispute can be deemed either a "major" or a "minor" dispute, the RLA preempts such state law claim.

In this case, Defendant contends that Plaintiff's causes of action constitute minor disputes and are, as such, preempted. Minor disputes are defined as those involving the interpretation or application of existing labor agreements. *See Hawaiian Airlines*, 512 U.S. at 256. As such, "minor disputes" subject to RLA arbitration are those that involve duties and rights created or defined by the CBA. *See id.* at 258. A state-law cause of action is not pre-empted by the RLA if it involves rights and obligations that exist independent of the CBA. *See id.* at 260. Nor does the mere existence of a potential CBA-based remedy deprive an employee of independent remedies available under state law. *See id.* at 261 citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988). Crucially, a state claim is dependent on the applicable CBA, and therefore preempted by the RLA, "where the resolution of [the] state-law claim depends on an interpretation of the collective-bargaining agreement." *Shafii v. British Airways, PLC*, 83 F.3d 566, 569-70 (2d Cir. 1996) citing *Hawaiian Airlines*, 512 U.S. at 261.

In this case, Defendant argues that Plaintiff's claims are not independent of the CBA because they are based on alleged promises by the Defendant to place the Plaintiff in a job covered by the CBA. Plaintiff contends that his claims are independent of the CBA, in part because he entered into a separate contract with the Defendant for a position

3

as Signal Inspector, before the Letter Agreement was even made. Defendant's argument is not persuasive. None of Plaintiff's claims requires interpretation of the CBA; instead, they are grounded in rights and obligations that exist independent of the collective-bargaining agreement.

Plaintiff's causes of action allege, in short, that the Defendant made material misrepresentations regarding the position and salary that Plaintiff would be given if he resigned from his then-employer and agreed to work for the Defendant. Under New York law, the elements of fraudulent inducement are: (1) a knowingly false representation of a material fact, and (2) detrimental reliance thereon. *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 490 (2d Cir. 1998). Nothing about this claim, or any of Plaintiff's other closely related claims, would require *interpreting* the Letter Agreement or the CBA. Although the Letter Agreement might reveal the reason why Plaintiff was not ultimately given the position of Signal Inspector, the terms of both the Letter Agreement and the CBA are irrelevant to whether Defendant's prior promises to the Plaintiff were knowingly false statements of material fact on which Plaintiff relied in changing his employer. *See Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished).

Nor do the rights or obligations on which Plaintiff is relying, i.e. the right not to have been fraudulently induced, arise in any way from the Letter Agreement or the CBA. *See Hawaiian Airlines*, 512 U.S. at 258 (denying preemption because "the CBA is not the only source of [Plaintiff's] right not to be discharged wrongfully"; rather "the only source of the right [Plaintiff] asserts...is state tort law") (internal quotations omitted). The same is true of Plaintiff's breach of contract claim, which is premised on the breach of an alleged promise to place the Plaintiff in a certain position—not of any rights or obligations contained in, or arising from, the Letter Agreement or CBA. *See Shafii*, 83 F.3d at 570 (holding that a claim for breach of a mediation agreement, which the court analogized to an individual employment contract between an employee and employer, was not preempted because it could be resolved without interpreting the applicable collective bargaining agreement). The fact that the applicable CBA covers both the position for which Plaintiff was hired and the position in which he was ultimately placed is irrelevant to the kinds of claims Plaintiff is asserting here.

For these reasons, the court finds that Plaintiff's claims are not preempted by the RLA. As such, Plaintiff's motion to remand must be granted, and Defendant's cross-motion must be denied.

### III. Conclusion

For these reasons, Plaintiff's motion to remand is GRANTED.
Defendant's cross-motion for judgment on the pleadings is DENIED.
The clerk of the court is directed to CLOSE this case.
It is so ordered.

Dated: White Plains, New York
May 5, 2005

Stephen C. Robinson, U.S.D.J.

4